## Humphrey v. Clearfield Oil and Gas Company.

E. J. Thompson, for plaintiff; A. K. Ramey, for defendant.

FLEMING, P. J., April 11, 1929.—This is a motion to strike off the appeal of the defendant from the judgment of a justice of the peace. Summons issued Nov. 8, 1928, returnable Nov. 13, 1928. Owing to illness of plaintiff's counsel, a continuance was had to Nov. 20, 1928, on which date judgment was entered in favor of plaintiff and against the defendant. A transcript of appeal was issued by the justice on Dec. 5, 1928. and the same filed in this court on Dec. 10, 1928. This last-named date was the first day of the December Term.

The motion before us is based upon the theory that defendant's appeal was not filed in conformity with law, in not having been filed before the first day of the next term. With this contention we cannot agree. The Act of March 20, 1810, 5 Sm. Laws, 161, section 4 provides as follows: "All which proceedings so had before the justice shall be entered at large by him in a docket or book, to be kept by him for that purpose, in which he shall state the kind of evidence upon which the plaintiff's demand may be founded, whether upon bond, note, penal or single bill, writing obligatory, book, debt, damages on assumption, or whatever it may be; and the whole proceeding, in case of appeal, shall be certified to the prothonotary of the proper county, who shall enter the same on his docket, and suit shall from thence take grade with, and be subject to, the same rules as other actions where the parties are considered to be in court, and the costs accrued before the justice shall await the event of the suit: Provided, always, that if the party appellant shall enter bail to appear within twenty days after judgment being given as aforesaid, such appeal shall be effectual in case such party appellant shall file the transcript of the record of the justice in the prothonotary's office on or before the first day of the next term of the Court of Common Pleas of the proper county after entering such bail as aforesaid. . . ."

We fail to find that this statutory provision has been amended or repealed. There is nothing therein which limits the time for the filing of the transcript to "before" the first day of the next term. In this case, it was filed "on" the first day of the next term. This is in compliance with the statute governing such matters.

And now, April 11, 1929, motion to strike off appeal is denied.
　　　　　　　　　　　　　　　　From S. D. Gettig, Bellefonte, Pa.